T.C. Memo. 2004-76

UNITED STATES TAX COURT

CINDY DRIGGERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8565-03.                       Filed March 18, 2004.

Cindy Driggers, pro se.

Edwina L. Jones, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  Pursuant to section 6015,[1] petitioner made an administrative request for relief from Federal income tax liability for the taxable year 1979, seeking a refund of an overpayment that was applied on April 15, 1993, from

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

petitioner's 1992 Federal income tax return to the outstanding liability for 1979. Respondent determined that petitioner was eligible for relief under section 6015(b) for the full amount of the tax liability for 1979; however, respondent further determined that petitioner was not entitled to a refund of the overpayment credited on April 15, 1993, under section 6511. Petitioner filed a timely petition for review pursuant to section 6015(e).

The issue for decision is whether the refund or credit from the 1992 tax year, which was applied on April 15, 1993, to the outstanding tax liability for 1979, is barred by section 6511.

Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in Charlotte, North Carolina, at the time of filing the petition herein.

Prior to 1979 petitioner was married to Daniel Honeycutt. Mr. Honeycutt was self-employed as a draftsman, and petitioner did not work during 1979. Petitioner and Mr. Honeycutt timely filed a joint Federal income tax return for the taxable year 1979. On October 11, 1982, a deficiency and penalty were assessed against Mr. Honeycutt and petitioner. The deficiency and penalty were solely attributable to income earned by Mr.

Honeycutt.  The assessed deficiency and penalty were not paid by either petitioner or Mr. Honeycutt.[2]

Petitioner and Mr. Honeycutt were separated in 1992 and divorced sometime after 1992.  Petitioner timely filed her individual Federal income tax return for the taxable year 1992, claiming a refund of $1,403.  The refund was applied as an offset in partial payment of the outstanding 1979 joint tax liability. The transcript of account reflects the offset as a payment made April 15, 1993.  After the offset of the overpayment in 1993, petitioner contacted respondent by telephone.[3]  Petitioner expressed the view that it was improper for respondent to offset her overpayment from her individual liability and apply the credit to a joint liability which was the responsibility of Mr. Honeycutt.  There are no letters or other written documents in

---

[2] Sec. 6015(g) governs the allowance of credits and refunds to the extent attributable to the application of sec. 6015.  In general, sec. 6015 applies to any liability for tax arising on or before July 22, 1998 but remaining unpaid as of such date.  See Washington v. Commissioner, 120 T.C. 137, 153-154 (2003).  In the present case, petitioner's tax liability arose in 1979, but there remained an unpaid balance as of July 22, 1998, even after the application of the 1992 overpayment.  Respondent's records indicate an account balance of zero as of Nov. 25, 2002, because the period of limitations on collection expired on the outstanding balance.  However, since there was an unpaid balance as of July 22, 1998, we conclude that petitioner may avail herself of sec. 6015.

[3] There are some vague statements by petitioner of a letter written to respondent after the offset but there is nothing specific in this record reflecting that letters were sent.

the record, during the period April 15, 1993 through 1999, that reflect communications by petitioner to respondent.

On December 18, 2000, petitioner filed Form 8857, Request for Innocent Spouse Relief, for 1979. Respondent issued a letter dated December 10, 2001, in which petitioner was advised that (1) she was entitled to relief under section 6015(b); and (2) she was not entitled to a refund of the payment made April 15, 1993, since any refund was limited to payments made within the 2 years immediately preceding the date of filing the Form 8857. Petitioner disagreed with respondent and requested review by the IRS Appeals Office. After review, the IRS Appeals Office issued a Notice of Determination dated February 10, 2003, reiterating the position described above. A timely petition was filed in response to the notice of determination.

Discussion

Spouses filing a joint Federal income tax return are jointly and severally liable for all taxes due. Sec. 6013(e); Cheshire v. Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Under certain circumstances, however, section 6015 provides relief from this general rule. Fernandez v. Commissioner, 114 T.C. 324, 326-328 (2000). In fact, respondent determined that petitioner is entitled to relief under section 6015(b). However, section 6015(g)(1) provides that in general a credit or refund shall be allowed "notwithstanding any other law

or rule of law (other than section 6511, 6512(b), 7121, or 7122)". Respondent asserts that the refund of the overpayment is barred under section 6511 since the claim was made more than 3 years after the return was filed and more than 2 years from the time the tax was paid. Petitioner does not appear to dispute the facts or respondent's assertion, but argues that the Internal Revenue Code is unfair and inconsistent.

A claim for credit or refund of an overpayment of any tax shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of those periods expires later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Sec. 6511(a).

The amount of credit or refund is not unlimited and is subject to two "look-back" periods. Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996). Under the 3-year look-back period, if the claim was filed within 3 years of the filing of the return, then the taxpayer is entitled to a refund of taxes paid within 3 years immediately preceding the filing of the claim, plus the period of any extension of time for filing the return. Sec. 6511(b)(2)(A). Under the 2-year look-back period, if the claim was not filed within that 3-year period, then the taxpayer is entitled to a refund of only those taxes paid during the 2 years immediately preceding the filing of the refund claim. Sec.

6511(b)(2)(B). And if no claim is filed, the credit or refund cannot exceed the amount that would be allowable under section 6511(b)(2)(A) or (B) if a claim were filed on the date the credit or refund is allowed. Sec. 6511(b)(2)(C).

Moreover, in the case of any overpayment by a taxpayer, the Commissioner generally may, within the applicable period of limitations, credit the amount of such overpayment against any tax liability of that taxpayer. Sec. 6402(a).

The 1979 Federal income tax return was filed on April 15, 1980. A refund claim was not filed within 3 years of the date of filing of the return. A payment of the 1979 tax liability was made on April 15, 1993, when the overpayment due for the taxable year 1992 was offset and applied to the 1979 tax liability. A claim for a refund was not filed within 2 years of that payment. As indicated, the request for relief on Form 8857 was submitted on December 18, 2000. Attached to the request is a letter from petitioner to respondent dated December 13, 2000.

As noted by respondent, the situation in this case differs from the facts and holding in Washington v. Commissioner, 120 T.C. 137, 162 (2003), where the Court found that letters previously written by the taxpayer to the Commissioner constituted a request for relief and encompassed a request for refund within 2 years of payment of a portion of the tax. There is nothing in this record from which the Court could conclude

that a claim for refund was made within the time frame provided under section 6511.

Based on the foregoing, we sustain respondent's determination, and petitioner is not entitled to relief since any refund of payments with respect to the 1979 tax year is barred under section 6511.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.