T.C. Summary Opinion 2005-115

UNITED STATES TAX COURT

BELINDA LANDREA DENNARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1253-04S.                    Filed August 8, 2005.

Belinda Landrea Dennard, pro se.

Miriam C. Dillard, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code as in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code of 1986, as amended, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

The case arises from petitioner's election to seek relief from joint and several liability under section 6015 for Federal income tax for 1997. Respondent issued to petitioner a notice of determination that she is not entitled to relief under section 6015(b), (c), or (f).

Respondent now concedes that petitioner is entitled to relief under section 6015(b) and to a refund, under section 6015(g), of an overpayment of $437.90 for 2001 that was offset against a deficiency assessment for 1997. The issue remaining for decision is whether petitioner is entitled to a refund of an overpayment of tax for 2000 that was offset against the deficiency assessment for 1997.

## Background

The exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Orlando, Florida.

Petitioner and her then husband timely filed a joint Federal income tax return for 1997. In 2000, respondent issued a statutory notice of deficiency to petitioners, determining additional tax due for 1997. No petition was filed with the Court for a redetermination of the proposed deficiency, and the tax was subsequently assessed.

Certified transcripts introduced by respondent show that on February 19, 2001, respondent captured petitioner's overpayment

of tax of $5,050 for 2000 and offset it against the outstanding joint tax liability for 1997. In the following year, respondent captured petitioner's overpayment of tax for 2001 of $437.90, and set it off against the liability for 1997.

Petitioner signed on May 19, 2003, and the Internal Revenue Service filed on May 21, 2003, a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), referencing an understatement of tax for 1997. Respondent sent to petitioner a Notice of Determination denying her request, finding her ineligible under section 6015(b), (c), and (f). At trial, respondent conceded that petitioner is entitled to relief for 1997 under section 6015(b). Respondent also conceded that petitioner is entitled to a refund of the setoff of the overpayment for 2001. Respondent argued, however, that petitioner is not entitled to a refund of the setoff of her overpayment for 2000.

## Discussion

Spouses filing a joint Federal income tax return are jointly and severally liable for all taxes due. Sec. 6013(d)(3); Cheshire v. Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Under certain circumstances, however, section 6015 provides relief from this general rule. Fernandez

v. Commissioner, 114 T.C. 324, 326-328 (2000).  Here, respondent determined that petitioner is entitled to relief under section 6015(b).  Since petitioner is entitled to relief under section 6015, petitioner "wants all her money back".

Section 6015(g)(1) provides that in general, a credit or refund shall be allowed to the extent it is attributable to the operation of section 6015, except to the extent that it may be affected by other specified sections, including sections 6511 and 6512(b).  Respondent asserts that the refund for 1997, paid by offset of the overpayment for 2000, is barred under section 6511 since the claim for refund was made more than 3 years after the return was filed and more than 2 years from the time the tax was paid.  The Court agrees with respondent.

The amount of credit or refund is subject to two "look-back" periods.  Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996).  A claim for credit or refund of an overpayment of any tax shall be filed by the taxpayer:  (1) Within 3 years from the time the return was filed, or (2) within 2 years from the time the tax was paid, whichever of those periods expires later.  Sec. 6511(a).  Under the 3-year look-back period, if the claim was filed within 3 years of the filing of the return, then the taxpayer is entitled to a refund of taxes paid within 3 years immediately preceding the filing of the claim, plus the period of any extension of time for filing the return.  Sec. 6511(b)(2)(A).

If the claim was not filed within that 3-year period, the taxpayer is entitled to a refund of only those taxes paid during the 2 years immediately preceding the filing of the refund claim. Sec. 6511(b)(2)(B).  If no claim is filed, the credit or refund cannot exceed the amount that would be allowable under section 6511(b)(2)(A) or (B) if a claim were filed on the date the credit or refund is allowed.  Sec. 6511(b)(2)(C).  Moreover, in the case of any overpayment by a taxpayer, the Commissioner generally may, within the applicable period of limitations, credit the amount of such overpayment against any tax liability of that taxpayer. Sec. 6402(a).

Petitioner's 1997 joint Federal income tax return was filed on April 15, 1998.[1]  A refund claim was not filed within 3 years of the date of filing of the return.  A payment on the 1997 tax liability was made on February 19, 2001, when the overpayment for 2000 was offset against the 1997 tax liability.  Petitioner's request for relief on Form 8857 was submitted on May 19, 2003. The claim for refund was not filed within 2 years of the February 19, 2001, payment.  See Driggers v. Commissioner, T.C. Memo. 2004-76.

---

[1]For purposes of sec. 6511, a return filed before the last day for filing shall be considered as filed on the last day.

Petitioner is not entitled to a refund of the payment with respect to the 1997 tax year made on February 19, 2001; it is barred under section 6511.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.