T.C. Memo. 2017-10

UNITED STATES TAX COURT

YVONNE A. WILLIAMS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8683-15.                              Filed January 10, 2017.

Yvonne A. Williams, pro se.

<u>Miriam C. Dillard</u> and <u>A. Gary Begun</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  The issue for decision is whether Yvonne A. Williams is entitled to receive the refund of an overpayment from her 2011 tax year that respondent applied against the assessed joint income tax liability of petitioner and her husband for 2002.  We hold that she is not.

[*2]                            Background

This case was submitted for decision fully stipulated under Rule 122.[1]  We

decide this case on the basis of the stipulation of facts and the attached exhibits.

Petitioner resided in Florida at the time she timely filed her petition.

1.     Petitioner's 2002 Federal Income Tax Return

On November 1, 2004, petitioner and her then husband, George Williams,

filed a joint Federal income tax return for 2002.  Respondent assessed the tax

shown on the return as well as interest and additions to tax for failure to timely

file, failure to timely pay, and failure to make estimated tax payments for 2002.

Respondent did not determine or assess a deficiency for 2002.

On March 24, 2007, petitioner submitted a request for relief from joint and

several liability for 2002.  Respondent received the request on March 26, 2007,

and on September 17, 2007, issued a notice of determination denying the request.

Shortly thereafter, petitioner submitted additional information supporting her

request.  By letter dated March 11, 2009, respondent notified petitioner that

respondent had not changed the determination on the basis of the additional

information.

---

[1]Section references are to the Internal Revenue Code in effect at all relevant
times.  Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]   Petitioner's decree of divorce from George Williams was entered on March 17, 2008.

2.   Docket No. 7062-09S

On March 23, 2009, petitioner filed a petition, assigned docket No. 7062-09S, with regard to her 2002, 2003, 2004, and 2005 tax years.  On June 30, 2009, this Court dismissed the case for lack of jurisdiction on the ground that the petition was not timely filed.

3.   Petitioner's 2011 and 2012 Federal Income Tax Returns

On her 2011 Federal income tax return petitioner reported no tax liability, a $345 withholding credit, and a $3,094 earned income tax credit.  On March 12, 2012, respondent processed petitioner's 2011 tax return and applied the $3,439 overpayment against her 2002 liability.  Respondent notified petitioner of this action in writing.

On her 2012 Federal income tax return petitioner reported no tax liability, a $448 withholding credit, and a $3,169 earned income tax credit, resulting in a claimed overpayment of $3,617.  On February 25, 2013, respondent processed petitioner's 2012 return and applied $3,595.91 (of the total $3,617) of her 2012 overpayment against her 2002 liability and $21.09 (of the total $3,617) of the

[*4] overpayment against her 2003 liability.  The same day respondent notified petitioner of that action.

4.      2014 Request for Relief From Joint and Several Liability

On March 20, 2014, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, dated March 20, 2014, and postmarked March 21, 2014, for petitioner's 2002-05 tax years.  Respondent received the Form 8857 on March 24, 2014.

5.      Respondent's Notice of Determination for 2002

In a notice of determination dated March 4, 2015, respondent determined that petitioner is entitled to relief from joint and several liability for 2002.  The notice stated that respondent would refund any payments petitioner made that were available for refund if nothing was owed on the joint income tax assessed for 2002.  The notice also stated:  "In addition, under Internal Revenue Code section 6511, we generally can't refund your payment or credits if you filed your claim more than three years after the return was filed or two years after the tax was paid, whichever is later."

6.      2015 Refund

On March 30, 2015, respondent issued to petitioner a refund totaling $3,829.93, comprising:  (1) $3,595.91 of petitioner's overpayment for 2012 that

**[*5]** respondent had previously applied against the liability for 2002; (2) $21.09 of petitioner's overpayment for 2012 that respondent had previously applied for 2003; and (3) $212.93 of interest. On the same day, respondent also issued petitioner a refund of the $3,746 that respondent had previously applied from 2013 for 2003 and $103.31 of interest.

Respondent did not issue to petitioner a refund of the $3,439 that respondent had previously applied from 2011 against the joint assessed income tax liability of petitioner and her husband for 2002 because the tax had been paid over two years before the filing of petitioner's request for relief from joint and several liability.

7. The Petition

On March 31, 2015, petitioner filed the petition in this case, seeking a refund of the $3,439 that respondent had previously applied from 2011 against the 2002 liability.

Discussion

1. Statute of Limitations

Spouses filing a joint Federal income tax return are jointly and severally liable for all taxes due. See sec. 6013(d)(3). However, under certain circumstances, section 6015 provides relief from this general rule. Fernandez v.

**[*6]** <u>Commissioner</u>, 114 T.C. 324, 326-328 (2000). A spouse may be relieved from joint and several liability under section 6015(f), if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for any unpaid tax and relief is not available to the spouse under section 6015(b) or (c). In applying the guidelines in Rev. Proc. 2013-34, sec. 4, 2013-43 I.R.B. 397, 399-403, respondent determined in the March 4, 2015, notice of determination that petitioner is entitled to relief from joint and several liability for 2002 pursuant to section 6015(f). Petitioner seeks a refund of her overpayment for 2011, which respondent credited against the 2002 liability that petitioner is no longer jointly liable for.

Section 6015(g) governs the allowance of credits and refunds to the extent attributable to the application of section 6511. See <u>Driggers v. Commissioner</u>, T.C. Memo. 2004-76. In general, a credit or refund shall be allowed "notwithstanding any other law or rule of law (other than section 6511, 6512(b), 7121, or 7122)". Sec. 6015(g)(1). Pursuant to section 6511(a), a refund of an overpayment is barred when the claim is made more than three years after the return was filed or more than two years from the time the tax was paid, whichever is later. See sec. 6511(b)(2)(A) and (B); see also <u>Commissioner v. Lundy</u>, 516 U.S. 235, 240 (1996). In the case of a taxpayer's overpayment, the Commissioner

**[\*7]** may, in general, within the applicable period of limitations, credit the amount of that overpayment against any tax liability of that taxpayer. Sec. 6402(a). Petitioner does not have an overpayment for 2011 which can be refunded because respondent previously applied it for tax year 2002. To prevail petitioner must be entitled to a refund of the resulting tax year 2002 overpayment.

We agree with respondent that section 6511 bars the refund of petitioner's $3,439 overpayment for 2011 that was applied for tax year 2002. First, petitioner's March 21, 2014, request for relief was filed more than three years after the 2002 return was filed on November 1, 2004. Second, petitioner's March 21, 2014, request for relief was made more than two years after respondent applied the $3,439 overpayment from 2011 for 2002 on March 12, 2012.

For the refund claim for 2002, the date of payment for section 6511 purposes is the date respondent credited petitioner's $3,439 overpayment from 2011 against the assessed joint liability for 2002. Where an overpayment is credited for a prior taxable year, the date of payment for section 6511 purposes is the date that the Commissioner credits the taxpayer's overpayment against the taxpayer's liability. See, e.g., Donahue v. United States, 33 Fed. Cl. 600, 605 (1995); Weisman v. Commissioner, 103 F. Supp. 2d 621, 629-630 (E.D.N.Y. 2000). The date of payment for purposes of the 2002 refund claim is March 12,

**[\*8]** 2012, i.e., the date respondent applied the 2011 overpayment for 2002.  In sum, we hold that because petitioner filed her request for relief over two years later, the refund of the $3,439 respondent applied from 2011 for 2002 (the liability in issue) is barred by the statute of limitations under section 6511.

2.      Petitioner's Request for Equitable Relief

Petitioner, in essence, requests relief from the periods of limitation based on sympathy for her personal circumstances.  However, periods of limitation are not subject to waiver based on sympathy for personal circumstances.  See Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Stovall v. Commissioner, 101 T.C. 140, 149-150 (1993); Paxman v. Commissioner, 50 T.C. 567, 576 (1968) ("[N]ot only is the Tax Court not a court of equity but * * * petitioners, in effect, are asking us to legislate changes in the statute as enacted by Congress."), aff'd, 414 F.2d 265 (10th Cir. 1969).  The equitable tolling doctrine does not apply to section 6511.  United States v. Brockamp, 519 U.S. 347, 348 (1997).

Thus, we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered

for respondent.