MONROE J. PAXMAN AND SHIRLEY B. PAXMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6619–66. Filed July 3, 1968.

*Monroe J. Paxman*, pro se.
*Charles W. Nyquist*, for the respondent.

OPINION

TURNER, *Judge:* The only issue raised by the pleadings is the deductibility of expenditures in the claimed amount of $9,816.33 for materials and labor in the construction by the petitioners of the unfinished attic of their home into a family recreation room. The petitioners concede that by reason of their entry into the "Home Improvement Contest" in pursuit of a prize, the $10,867 of prize money and merchandise received by them was gross income. See in that connection section 74 of the Internal Revenue Code of 1954.[5]

It is well settled that in computing taxable income, deductions are a matter of legislative grace and to be allowed must fall within some provision or provisions of the Code providing therefor and obviously must not fall within sections 261 through 274 in which Congress has expressly declared as to the items specified therein "no deduction shall in any case be allowed."

The petitioners on brief have advanced a number of theories and arguments in support of their contention that the cost for producing the recreation room is deductible for 1963, the year in which the prize in money and merchandise was received. One such theory is that since the prize received in respect of the recreation room in the "Home Improvement Contest" was income "it follows logically that the effort that was expended to produce the prize-winning entry" was a trade or business; that the fact that substantial income is received in 1 year through a prize accelerates the time in which allowance should be made for the cost of producing the prize-winning entry; and that petitioners' costs for labor and materials in producing the recreation room thus qualify as ordinary and necessary ex-

---

[5] SEC. 74. PRIZES AND AWARDS.

(a) General Rule.—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.

(b) Exception.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

penses in carrying on a trade or business under section 162 of the Code.[6]

Petitioners also suggest that for many years they have "participated in a special occupation art, or trade consisting of lecturing, and writing in the field in which the prize was won, home recreation and parties." Also they argue as significant that they qualify as artists; that the recreation room produced by them was an artistic composition; and the judges awarded the prize to them on the basis of the artistic merit of the room. They further suggest that they have engaged in a "sub-trade or business of participating in contests" and as evidence refer to their participation in 1960 in the "All-American Family Search" contest in which they won the third-place prize. They also stress in that connection the winning of a prize by each of their two eldest daughters in Seventeen magazine's "Teen Hostess Contest," that by the eldest in 1962 or 1963 and that by the second 3 years later. Presumably these activities are advanced as trades or businesses carried on by petitioners in which the costs of constructing the recreation room may be said to have been ordinary and necessary expenses under section 162 and thus deductible.

The other arguments are not so much as to what the statute provides but as to what petitioners feel in fairness or equity it should provide. One such argument is that since, in an art contest in which the result of winning is the sale of the prize-winning entry "the costs of materials and purchased labor would be allowable deductions," then, where as here there is no sale or disposition of the prize-winning entry in the winning of the prize but full ownership and title remain in the prize winners, "deductions for costs of production cannot equitably be postponed until the recreation room is sold with the house."

At this point it might be well to observe that in comparing or likening the situation here to a case where the prize-winning entry is sold, petitioners appear to confuse the nature of earnings from the operation of a trade or business with the gain from the sale or other disposition of property, and ordinary and necessary expenses paid or incurred in the operation of a trade or business with the cost or other basis of property for determining the gain realized upon its sale or other disposition. Under the statute the ordinary and necessary expenses are a deduction from gross income in computing taxable income, whereas the cost of property sold is the basis in arriving at the amount of gain to be taken into account as gross income.

---

[6] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

At one point in their reply brief petitioners appear to admit that the Code does not provide for the deduction sought and contend that in such circumstances the Court should make a determination that would be equitable, suggesting that some theory of "accelerating depreciation" would be appropriate, namely, "allow the cost in the year in which the huge portion of the income is received."

It is the position of the respondent that the cost to petitioners for the building of their unfinished attic into a family recreation room constituted capital expenditures for the permanent improvement of their home, and under section 263 of the Code is not deductible.[7] In the alternative he contends that if any part of the cost was not a capital expenditure then to that extent it was a personal or family expense in respect of which section 262[8] provides that no deduction shall be allowed.

Section 1.263(a)–2 of the Income Tax Regulations lists examples of capital expenditures, which are not deductible in computing taxable income. Subsection (a) of the said regulation cites the following:

(a) The cost of acquisition, construction, or erection of buildings, machinery and equipment, furniture and fixtures, and similar property having a useful life substantially beyond the taxable year.

On the facts it must be concluded that the recreation room was constructed and the cost thereof was expended for what the term implies, a recreation room for the use of petitioners and their children. It was not constructed as an entry in a contest, and its subsequent entry in the Better Homes and Gardens "Home Improvement Contest" was purely coincidental to the purpose of construction.[9]

However much of an artistic achievement the completed room may be said to have been, the prize as awarded was for high quality and achievement in planning and constructing of the recreation room as an item of home improvement, and, as such, its "usefulness and satis-

---

[7] SEC. 263. CAPITAL EXPENDITURES.

(a) GENERAL RULE.—No deductions shall be allowed for—

(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *

[8] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided for in this chapter no deduction shall be allowed for personal, living, or family expenses.

[9] The "Home Improvement Contest" by the Better Homes and Gardens magazine was not announced until its January 1962 issue, at which time the construction of the recreation room, the planning for which began in 1952 when the home was purchased, had been under way from 14 to 15 months. Up to the time of announcement of the contest, petitioners, according to their testimony, had at the most thought they might enter the recreation room in a contest if a contest in which it would qualify should be announced. Following is a question asked Paxman on cross-examination and his answer thereto:

Q. You didn't say you expended in excess of $10,000 just on the basis that you might win a $10,000 prize?

A. No, but I think we did expect to get income from the project through a magazine article.

faction" to petitioners and their children. As described by petitioners to the author of the article which appeared in the October 1963 issue of Better Homes and Gardens, the room "has been worth the time and effort to create a home-centered nucleus for all the family's activities."

Not only was the recreation room an improvement to the home but when completed it became one of the home's component parts. The expenditures made in construction of the room represented an amount expended for a permanent or continuing betterment to the home, admittedly having a life beyond the taxable year, and the petitioners make no claim that these expenditures did not increase the value of the overall property.

It follows that the costs of constructing the room fall squarely within the provisions of section 263, *supra*, and constitute nondeductible capital expenditures. Furthermore, as to the nondeductibility of such costs, the statute draws no distinction between an improvement to a property used in a trade or business and an improvement to a property used as a family home, as in this case.

The petitioners have referred us to no authority, statutory or otherwise, and we have found none, whereunder or whereby the expenditures made in producing the recreation room, which by section 263 are expressly declared not to be deductible, are, by reason of the receipt in the taxable year of a substantial amount of income in respect of the room, transformed or transmuted into ordinary and necessary expenses within the meaning of section 162 and thus deductible in computing taxable income for that year.

Similarly they cite no authority in support of their argument that the cost of producing the recreation room be allowed as a deduction for the year the home improvement prize was received under some theory of accelerated depreciation.

In the case of property used in a trade or business, or of property held for the production of income, section 167 of the Code provides for a depreciation deduction representing a reasonable allowance for the exhaustion, wear and tear of the property so used. According to the applicable regulation, sec. 1.167(a)–1, the depreciation allowance provided for is the "amount which should be set aside for the taxable year in accordance with a reasonably consistent plan * * * so that the aggregate of the amounts set aside, plus salvage value, will, at the end of the estimated useful life of the depreciable property, equal the cost or other basis of the property as provided in section 167(g)" of the Code. In regulations section 1.167(a)–2, however, it is specified that "no deduction for depreciation shall be allowed * * * on a building used by the taxpayer solely as his residence, or on furniture or furnishings therein, * * *."

The respondent recognizes, however, that a family residence may be used partly for business or income-producing purposes as well as for personal and family purposes and that a depreciation deduction based on the extent of the use for business or production of income is allowable. In fact, in Rev. Rul. 62–180, 1962–2 C.B. 52, he has set up guidelines for determining the business or income-producing use and the deductions allowable for expenses and depreciation in respect of such use.

The respondent in this determination of deficiency determined that in the taxable year the recreation room was used in part by petitioners in their income-producing endeavors as authors of books and magazine articles on family fun and recreation and as game and party consultants, and based on a 20-year useful life has allowed a depreciation deduction computed on a basis of $2,454.08, or 25 percent of the $9,816.33 claimed by them as the cost of constructing the room. The petitioners in their discussion on brief appear to recognize that as a recreation room the room does have a useful life comparable to that of the home. They have not taken issue with the respondent on his determination that the room did have a 20-year useful life.

It is to be noted also that the respondent made a deduction allowance in the amount of $60 as petitioners' cost in entering the "Home Improvement Contest" in which they won the prize money and merchandise in respect of the recreation room. Petitioners have not challenged or taken issue with this determination as to the amount of the costs actually incurred by them in entering the contest other than with respect to the deductibility of the expenditures for the construction of the recreation room itself. Neither have they contended that by reason of the entry into the contest the room suffered any wear or tear, or that its continued usefulness for the 20-year useful life determined for it by the respondent was in any way impaired.

With respect to the contention that, since the Code does not specifically cover the deduction, this Court should make a determination that would be equitable, namely, allow deduction of the full amount of the cost of constructing the recreation room in the year in which the prize award was received, we do not regard it as necessary to discuss the question whether the allowance of deduction would or would not be equitable, it being our opinion that it is sufficient to say that not only is the Tax Court not a court of equity but that petitioners, in effect, are asking us to legislate changes in the statute as enacted by Congress. The proper forum for a petition or plea of that kind is Congress. The power to legislate is exclusively the power of Congress and not of this

Court or any other court. See *Iselin* v. *United States*, 270 U.S. 245, at 250, where Justice Brandeis, speaking for the Court, had this to say:

The statute was evidently drawn with care. Its language is plain and unambiguous. What the Government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function. Compare *United States* v. *Weitzel*, 246 U.S. 533, 543; *Peoria & Pekin Union Ry. Co.* v. *United States*, 263 U.S. 528, 534, 535.

See also *Brushaber* v. *Union Pacific Railroad Co.*, 240 U.S. 1, 26; *Hays Corporation*, 40 T.C. 436; *Walter J. Baer*, 6 T.C. 1195, 1200; and *Cecil B. deMille*, 31 B.T.A. 1161, 1177.

*Decision will be entered for the respondent.*