**Monroe J. PAXMAN and Shirley B. Paxman, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 196–68.**

United States Court of Appeals
Tenth Circuit.

Aug. 7, 1969.

Monroe J. Paxman, pro se.

Grant W. Wiprud, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander and Frank X. Grossi, Jr., Attys. Dept. of Justice, Washington, D.C., were on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

LEWIS, Circuit Judge.

This petition questions the correctness of a decision of the United States Tax Court sustaining a disallowance by the Commissioner of a deduction claimed by the taxpayers, husband and wife, on their joint personal income tax return for the year 1963. The facts as presented to this court are not in controversy and present a somewhat novel and, indeed, refreshing background for judicial consideration. The legal issue springs from the receipt by taxpayers in 1963 of $10,000 in cash and $867 in merchandise as the result of placing first in a national contest sponsored by Better Homes and Gardens Magazine and announced as

the "1962 Home Improvement Contest." Taxpayers concede the amounts so received constitute a merit prize and were thus income [1] but assert the right to deduct as costs attributable to the production of the income the sum of $9,816.23 expended in accomplishing the successful home improvement. Their basic contention is that the expenditures made *produced* the prize and, in view of the continued and professional [2] activity of the Paxman family in matters concerned with family recreational pursuits, that consequently the subject construction costs of the winning family recreational room should fall within the confines of "ordinary and necessary expenses" as that phrase is contained in the provisions of 26 U.S.C. § 162 or 26 U.S.C. § 212. Although the unusual and non-repetitive nature of taxpayers' prize income lends sympathetic appeal to their plea for unusual and non-repetitive tax consideration, the undisputed facts clearly support the decision of the Tax Court that the costs of construction of the subject room are simply a capital outlay.

In August of 1960, utilizing various fixtures and funishings previously collected by them, taxpayers commenced the construction in the attic of their residence of a decorative recreation room in the style of a Victorian ice cream parlor. The project was completed in 1962 at which time taxpayers entered the room in Better Homes and Gardens Magazine "1962 Home Improvement Contest." The contest was originally announced in the magazine's January 1962 issue. Judging of the contest was to be in part based upon the usefulness and satisfaction of the improvement to the family or individual involved. Taxpayers in submitting their final entry form stated as the reason for the improvement that "with seven children needing more bedroom space, play space and storage space, the large unfinished high-peaked attic of our Victorian house seemed to provide the ideal space for expansion." It is obvious that the Paxmans, at the inception of the project, considered the construction of the recreation room as a home improvement. The subsequent incentive of the contest and its result did not change the tax nature of the expenditures. Therefore, the award which resulted from their entry in the contest was legally prize income and nothing else. It is a well-settled principle that every deduction must be specifically provided for by statute, Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; Calvin v. United States, 10 Cir., 354 F. 2d 202; United States v. Akin, 10 Cir., 248 F.2d 742, and taxpayers' attempt to bring the claimed deduction within the coverage of 26 U.S.C. § 162 and 26 U.S. C. § 212 must fail. The expenditures in question clearly constituted amounts paid out for the permanent improvement of taxpayers' residence within the meaning of 26 U.S.C. § 263 which by its ex-

---

1. 26 U.S.C. § 74. PRIZES AND AWARDS.

(a) General Rule.—Except as provided in subsection (b) and in section 117 (relating to scholarships and fellowship grants), gross income includes amounts received as prizes and awards.

(b) Exception.—Gross income does not include amounts received as prizes and awards made primarily in recognition of religious, charitable, scientific, educational, artistic, literary, or civic achievement, but only if—

(1) the recipient was selected without any action on his part to enter the contest or proceeding; and

(2) the recipient is not required to render substantial future services as a condition to receiving the prize or award.

2. This characterization is supported by the record. Although Mr. Paxman is a practicing lawyer by occupation he has written several published books on family "fun"; members of the Paxman family have won merit-type prizes in the same field on three other occasions; and taxpayers frequently lecture on related subjects. The Commissioner allowed special depreciation on the room on the premise that it served to further income-producing endeavors to the extent of 25 percent of its use and was dedicated to family use 75 percent of the time.

plicit terms denies the claimed deduction.[3]

> [I]t may be said in general terms that an expenditure should be treated as one in the nature of a capital outlay if it brings about the acquisition of an asset having a period of useful life in excess of one year or if it secures a like advantage to the taxpayer which has a life of more than one year. * * * Akin, *supra,* at 744.

It is evident that the expenditures increased the value of taxpayers' home, provided them with a room in which they and their family could derive satisfaction and enjoyment for a number of years, and accordingly were expenditures in the nature of a capital outlay.

Affirmed.

---

3. 26 U.S.C. § 263 in its pertinent part provides "[n]o deduction shall be allowed for—(1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate." *See also* 26 C.F.R. § 1.263(a)–1.