MARSHALL BAUER and SANDRA BAUER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bauer v. Commissioner
Docket No. 8426-71.
United States Tax Court
T.C. Memo 1973-191; 1973 Tax Ct. Memo LEXIS 97; 32 T.C.M. (CCH) 887; T.C.M. (RIA) 73191; August 28, 1973, Filed *97 In 1967, petitioner built a $150,000 house in Glencoe, Illinois which he used as a family residence immediately upon completion of construction. Based on the contention that he was in the trade or business of building furnished luxury homes, he deducted the maintenance expenses and depreciation. He also claimed investment credits for furniture used to furnish the house, as well as depreciation on the furniture.Petitioner constructed no other houses during the years in issue. Held, petitioner was not in the trade or business of building luxury homes. No deductions for maintenance of the house are allowable under section 162, I.R.C. 1954; no deductions for depreciation of the house or furniture are allowable under section 167, I.R.C. 1954; and the furniture is not property pursuant to section 38, I.R.C. 1954 and not eligible for investment credit. Howard R. Cohen, for the petitioners, Alan M. Jacobson, for the respondent. 2 WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' income tax for the years 1967 and 1968 in the amounts of $5,909.19 and $8,363.74, respectively. The issue for decision is whether petitioner is in *98 the trade or business of constructing luxury homes for purposes of allowing deductions under section 162 of the Internal Revenue Code of 1954, [1] depreciation deductions under section 167, and investment credits under sections 38 and 48. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Marshall Bauer (hereinafter referred to as petitioner) and Sandra Bauer are husband and wife who resided in Glencoe, Illinois when the petition was filed. They filed their joint Federal income tax returns for 1967 and 1968 with the district director of internal revenue in Chicago, Illinois. Petitioner owns a majority interest in a partnership known as Father & Son Pizzeria in Chicago, Illinois from which he received income in excess of $100,000 per year for the taxable 3 years 1967 and 1968. Under the name of M. Bauer & Associates , petitioner constructed a luxury home (cost of approximately $150,000) in Glencoe, Illinois. At the time of construction, petitioner intended to move himself and his family into the Glencoe house when *99 completed. Petitioner spent most of his time at the construction site and was instrumental in designing the house. Labor and building supplies were furnished by several subcontractors at rates charged contractors rather than at retail rates. Upon completion of the house in 1967, petitioner and his family moved into the house and remained there at least until the time of the trial. It was the intent of petitioner to utilize the Glencoe house as a "model" that would provide an example of his designing and construction skills. During 1967 and 1968 petitioner neither constructed nor sold any other houses. Petitioner engaged a certified public accountant to maintain records for M. Bauer & Associates and listed it with various financial services such as Dun & Bradstreet. In the name of M. Bauer & Associates, petitioner also opened a separate bank account, maintained a separate business telephone (including separate listing in the telephone book) and had printed special business stationery and cards. On the 1967 joint income tax return, petitioner deducted the following "business" expenses under the name M. Bauer & Associates: 4 Depreciation
$11,179.93
Taxes
808.36
Insurance
261.00
Utilities
675.37
Printing
53.57
On *100 the 1968 joint income tax return, petitioner deducted the following expenses under the name of M. Bauer & Associates: Depreciation
$12,352.90
Repairs and Maintenance
454.61
Salaries and Wages
750.00
Insurance
368.00
Electric
773.85
Water and Scavenger
158.58
Landscape Maintenance
856.00
Telephone
221.56
Sundry
45.00
Heat
563.30
Real Estate Tax
937.86
Sales Tax
36.22
Payroll Taxes
33.00
With the exception of the printing expenses, all of the expenses were applicable to the house in Glencoe.The expenses for salaries and wages deducted in 1968 were for the services of Anna Owens, who performed domestic work at the house. Petitioner also claimed investment credits on furniture and fixtures used to furnish the Glencoe house.The credits were $5,800.87 in 1967 and $18,512.29 in 1968.M. Bauer & Associates also reported income in 1967 and 1968 in the amounts of $3,000.00 and $6,782.25, respectively. This income resulted from payments of rent from petitioner of $3,000.00 in 1967 and $6,000.00 in 1968. The remaining income in 1968 resulted from the sale of 5 home furnishings. [2] *101 ULTIMATE FINDING OF FACT Petitioner was not in the trade or business of building luxury homes during the years 1967 and 1968. OPINION The issue in this case is whether petitioner was in the trade or businesss of building completely furnished luxury homes during the years in question. Petitioner contends that he was in the trade or business of constructing luxury homes during 1967 and 1968 and therefore he is entitled to deduct the cost of maintaining a "model" luxury house, which petitioner and his family used as their residence, under section 162; [3] he is entitled 6 to depreciation deductions on the house and furniture placed in the house under section 167; [4] and he is entitled to investment credits under section 38[5] *103 for the furniture used in the house. 7 Respondent contends that petitioner was not in the trade or business of building luxury homes and, therefore, should be allowed no deductions *102 or credit under sections 162, 167 or 38. Respondent also contends that these items are personal, living or family expenses which are nondeductible under section 262. The determination of whether a taxpayer is engaged in a trade or business is a question of fact. Higgins v. Commissioner, 312 U.S. 212 (1941), and Frederick A. Purdy, 12 T.C. 888 (1949). After examination of all of the facts, we hold that petitioner was not in the trade or business of building luxury homes during 1967 and 1968. The problem raised by this case is essentially that petitioner built an expensive house which he immediately used as his residence and on which he deducted substantial maintenance expenses, depreciation and investment credits. As a result of *104 petitioner's benefit from usage of the house, he must produce substantial evidence proving that he was in the trade or business of building luxury homes rather than building this house primarily as a residence for himself and his family. See e.g. Monroe J. Paxman, 50 T.C. 567 (1968), affd. 414 F.2d 265 (C.A. 10, 1969), and Martin Mayrath, 41 T.C. 582 (1964), affd. 357 F.2d 209 (C.A. 5, 1966). Petitioner presented five witnesses who testified that they supplied materials and labor at prices charged contractors. This factor alone is not sufficient to prove that the petitioner was in 8 the trade or business of building luxury homes, especially so in this case because of the testimony given by these five witnesses. Two of the witnesses testified that they supplied materials at a contractor's price based on petitioner's assertion that his future activities in the luxury home building business would result in further sales of materials. Furthermore, all five of these witnesses testified that they provided labor or materials for various other businesses of the petitioner, including the Father & Son Pizzeria. In other words, it is not entirely clear whether the contractor's price was *105 provided because petitioner was in the luxury home business or because he purchased goods or services from the suppliers through his other enterprises. Petitioner contends that he did everything possible to manifest his intention of being in the luxury home construction business by opening a separate bank account, engaging a certified public accountant to maintain separate books and records, maintaining a separate business telephone, using special business stationery and cards, and listing his business with various financial reporting services such as Dun & Bradstreet. The most that can be said of petitioner's activities is that he laid sufficient groundwork to enter the trade or business of building luxury homes. Such evidence merely shows that petitioner called his activities a business. The determination of whether they 9 actually constituted carrying on a business is to be made by an examination of all of the facts. Industrial Research Products, Inc., 40 T.C. 578, 590 (1963). The term "trade or business" delineates activities which in a realistic and practical sense constitute a going trade or business. Peter G. Corbett, 55 T.C. 884 (1971); William Tiffin Downs, 49 T.C. 533 (1968); *106 and John F. Koons, 35 T.C. 1092 (1961). The building of one luxury home which petitioner utilized as his residence from the completion of construction is not sufficient to find that petitioner was engaged in the active trade or business of building luxury homes, despite the elaborate activities of petitioner to establish a separate construction business. The parties have argued at length concerning the significance of the fact that petitioner's alleged trade or business did not produce any profits. The fact that an activity is carried on at a loss for a period of time does not itself preclude recognition as a trade or business; however, it is a factor to be considered. C. Fink Fischer, 50 T.C. 164 (1968). In this case the nonprofitability of the business, when added to the other factors present, provides cogent evidence that the petitioner was not in the trade or business of building luxury homes. The most that petitioner has proved in this case is that he intended to enter into the trade or business of building luxury homes at some future date. Petitioner built a house that he intended to utilize as a residence. He also intended to use the 10 house as an example of his designing *107 and construction abilities thereby hoping to receive orders to build similar houses for others in the future. Even if we assumed that petitioner was in the trade or business of building luxury homes, the dual use of the house would require an allocation of expenses between business and nonbusiness uses. International Artists, Ltd., 55 T.C. 94 (1970). Petitioner has presented no evidence on which an allocation between personal and business use could be made. Therefore, most of the expenses would in any event be nondeductible under section 262 as personal living expenses. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated. ↩
2. There is some confusion as to the exact amount. The stipulation of facts states the amount realized from home furnishings to be $773.75, leaving a difference of $8.50 unaccounted for. Petitioners' 1968 joint income tax return shows gross receipts of $6,782.25 with a deduction of $773.75 for merchandise purchased during the year. For purposes of this case, it is only necessary to know the total income reported was $6,782.25. 3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * ↩
4. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business, * * * ↩
5. For purposes of determining investment credit under section 38, property is defined in section 48 as including only property with respect to which depreciation is allowable. Thus, if it is determined that the furniture is not depreciable property under section 167, it will not qualify for investment credit under section 38. SEC. 38. INVESTMENT IN CERTAIN DEPRECIABLE PROPERTY. (a) General Rule. - There shall be allowed, as a credit against the tax imposed by this chapter, the amount determined under subpart B of this part. * * * SEC. 48. DEFINITIONS: SPECIAL RULES. (a) Section 38 Property. - (1) In general. - Except as provided in this subsection, the term "section 38 property" means - (A) tangible personal property, or (B) other tangible property (not including a building and its structural components) but only if such property - (i) is used as an integral part of manufacturing, production, or extraction, or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or * * * Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable * * *. ↩