T.C. Summary Opinion 2009-137

UNITED STATES TAX COURT

RICHARD LIU AND BRENDA LEE LIU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22677-07S.                    Filed September 3, 2009.

Richard Liu and Brenda Lee Liu, pro se.

<u>Laura Mullin</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,010 deficiency in petitioners' 2005 Federal income tax and also determined a $602 accuracy-related penalty.

After a concession by petitioners,[2] the issues for decision are: (1) Whether petitioners are liable for the 10-percent penalty pursuant to section 72(q) on a premature distribution from an annuity contract, and (2) whether petitioners are liable for an accuracy-related penalty due to negligence.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference. Petitioner Richard Liu was born in 1947. Petitioners were married to each other at all relevant times, and they lived in California when they filed the petition.

Mr. Liu (hereinafter petitioner) purchased an annuity contract from American General Annuity Insurance Co. (AIG) in 2002, investing $190,000 in the contract in 2002. The AIG contract stated, in part:

---

[2] Petitioners concede that they received $549 in interest income in 2005 but failed to report that income on their 2005 Federal income tax return.

Early Withdrawal Charges

An early withdrawal charge will be deducted if you withdraw more than your accumulated interest within six years of your last premium payment.  A withdrawal prior to age 59-1/2 may incur an IRS penalty.

Petitioner worked with a financial adviser in selecting and purchasing the AIG annuity.  The adviser informed petitioner of the penalties AIG would impose if he withdrew his investment in the contract within the first 6 years but did not advise him about the tax consequences of a premature distribution from the annuity.

In October 2005 the accumulated value of the contract was $218,715.06, and petitioner requested a distribution of the accumulated earnings on the contract:  $28,715.06.  Petitioner submitted an AIG annuity withdrawal request form requesting a distribution of "all the penalty free amount".  The following language appeared near the bottom of the first page of the withdrawal request form:  "You and the Internal Revenue Service will be provided with an informational tax form after the close of the calendar year.  A withdrawal of any type, before age 59 ½, may subject you to an IRS penalty tax."  Petitioner signed the withdrawal request form on October 14, 2005.  AIG processed the $28,715.06 distribution on October 17, 2005.  At the time of the distribution, petitioner was 58-3/4 years old.

On October 25 and 26, 2005, petitioner invested the $28,715.06 annuity distribution as follows:  $25,000 into a

certificate of deposit and $3,715.06 into his existing money market account, both with Countrywide Bank.  Petitioner did not withdraw any of these funds from the Countrywide accounts before attaining the age of 59-1/2.

On their joint Federal income tax return for 2005 petitioners reported the distribution from AIG as interest income.  They did not report a 10-percent penalty.

In the notice of deficiency respondent determined that the withdrawal was a premature distribution from an annuity contract, subject to the 10-percent penalty imposed by section 72(q).  Respondent also determined an accuracy-related penalty for negligence under section 6662(a) and (b)(1).

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Because the facts in this case are undisputed, section 7491(a) is not at issue.

Income earned within an annuity is afforded preferential tax treatment; to wit, tax on that income is deferred until it is withdrawn from the annuity.  Amounts withdrawn from an annuity,

other than a taxpayer's investment (basis) in the contract, are subject to income tax. Sec. 72(a) and (b). Furthermore, section 72(q) generally provides for a penalty equal to 10 percent of that part of any distribution from an annuity which is includable in gross income, unless the distribution falls within one of the 10 statutory exceptions enumerated in section 72(q)(2).

Petitioners argue that because: (1) They received the distribution when petitioner was 58-3/4 years old; (2) they immediately invested the withdrawn annuity income in a certificate of deposit and a money market account; and (3) they left the funds in those investments until after petitioner attained age 59-1/2, they have satisfied the spirit of the exception Congress provided in section 72(q)(2)(A).

Section 72(q)(2)(A) provides that the 10-percent penalty shall not apply to any distribution "made on or after the date on which the taxpayer attains age 59-1/2". Petitioner was not yet 59 years old when AIG processed his annuity withdrawal request and distributed the income earned in his annuity contract. Neither petitioner's being close in age to the clear cutoff adopted by Congress nor the failure of his advisers to make him understand that the penalty would apply is an exception to the section 72(q) penalty. We may not ignore the statute or waive this penalty for petitioners. See Paxman v. Commissioner, 50 T.C. 567, 576-577 (1968) (the Tax Court is not a court of equity;

"The power to legislate is exclusively the power of Congress and not of this Court or any other court."), affd. 414 F.2d 265 (10th Cir. 1969).

The legislative history to the enactment of section 72(q) indicates that Congress intended to defer recognition of annuity income, provided that the annuity was used for long-term investment. Congress sought, by imposing the 10-percent penalty, to discourage the use of annuities for short-term investment and income tax deferral. S. Conf. Rept. 97-530, at 350 (1982). In section 1035, however, Congress provided for nonrecognition of income when a taxpayer exchanges one annuity contract for another annuity contract.

Petitioner testified that his understanding was that he had 60 days to reinvest the funds and that so long as the funds were not expended, there should be no penalty imposed. Petitioner's argument is misplaced. He reinvested his distribution of annuity income into investment vehicles that generated interest income, but the reinvestment was not an exchange for another annuity that might qualify for nonrecognition and continued deferral. The distribution is taxable (as petitioner properly reported) because there was no like-kind exchange. The distribution was premature, and the 10-percent penalty under section 72(q) applies because petitioner does not qualify for any of the enumerated exceptions under section 72(q)(2).

Respondent determined an accuracy-related penalty under section 6662(a) and (b)(1).  Where section 6662 applies, it imposes a penalty equal to 20 percent of an underpayment of tax required to be shown on a return.  Sec. 6662(a).  Section 7491(c) requires the Commissioner to produce evidence to show that the imposition of the accuracy-related penalty is appropriate.  The record reflects that the payor reported the interest income paid to petitioners in 2005 on a Form 1099-OID, Original Issue Discount, sent to the IRS and to petitioners, but petitioners failed to report the income on their 2005 return.  In addition, respondent asserts that the warnings in the annuity contract and in the annuity withdrawal form which petitioner signed put petitioner on notice of the premature distribution penalty, and he further asserts that petitioner's preparing the joint tax return and failing to report the interest income and to either research the tax implications of the annuity distribution or secure professional assistance demonstrate negligence.[3] Respondent has satisfied his burden.

Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect.  Rule 142(a); <u>Higbee</u>

---

[3] For the purpose of sec. 6662, negligence includes any failure to make a reasonable attempt to comply with tax laws, and disregard includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).

v. Commissioner, 116 T.C. 438, 447 (2001). To the extent the taxpayer shows he had reasonable cause for an underpayment and that he acted in good faith, section 6664(c)(1) prohibits the imposition of a penalty under section 6662.

Generally the most important factor in evaluating reasonable cause and good faith in this context is the extent to which the taxpayer tried to assess his proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs. Reasonable cause and good faith may be found with an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Id.

Petitioners have not offered any evidence to indicate that they acted with reasonable cause and good faith with respect to the unreported interest income they conceded. See supra note 2. Thus, they have failed to establish that they are not liable for the accuracy-related penalty as it applies to the portion of the deficiency resulting from the conceded interest income.

As discussed above, petitioners were required to report on their return the 10-percent premature distribution penalty provided by section 72(q). Petitioners testified credibly that they believed they had a limited time to reinvest the proceeds from the annuity income distribution and avoid the imposition of a penalty. They also explained that they kept the funds invested

until after petitioner reached age 59-1/2 to avoid any penalties. We are satisfied that they acted in good faith.

Although petitioners failed to qualify under the technical provisions of the Internal Revenue Code and the regulations for a nontaxable rollover, under these particular circumstances and considering the complexity of rules covering taxation, deferral, and rollover of qualified plans, nonqualified plans, and annuities and the candor petitioners exhibited, we do not believe petitioners acted unreasonably or intentionally disregarded rules and regulations in failing to report the 10-percent penalty.

We sustain the determination that petitioners are liable for the section 72(q) penalty and for the accuracy-related penalty with respect to the unreported interest income, but we hold that they are not liable for the accuracy-related penalty on the portion of their underpayment attributable to the section 72(q) penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.