T.C. Memo. 2009-221

UNITED STATES TAX COURT

ARTHUR BRUCE AND LINDA LEE COPPIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3921-08, 7032-08.[1]    Filed September 23, 2009.

Arthur Bruce and Linda Lee Coppin, pro sese.

J. Robert Cuatto, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  By notices of deficiency, respondent
determined deficiencies of $2,411 and $2,385 in petitioners'
Federal income tax for taxable (calendar) years 2004 and 2005.
The deficiencies for both years involve various employee business
deductions that respondent disallowed.

---

[1]The cases were consolidated by order of the Court dated
Dec. 2, 2008.

Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

We round all dollar amounts to the nearest dollar.

FINDINGS OF FACT

Some facts are stipulated and are so found.  The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.  Petitioners resided in Arizona when they filed the petition.

During 2004 and until April 17, 2005, Arthur Bruce Coppin (petitioner) was a case initiation clerk at the U.S. Bankruptcy Court for the Central District of California, responsible for "fully [supporting] the Clerk's Office in all areas of operations, such as case administration, case closing, intake and records".  Petitioner performed those duties at the bankruptcy court.

Petitioners' 2004 and 2005 Federal Income Tax Returns

For 2004 and 2005, petitioners jointly filed Forms 1040, U.S. Individual Income Tax Return.  For those 2 years, petitioners had gross income of $41,969 and $46,991.  On Forms 2106, Employee Business Expenses, submitted with their Schedules A, Itemized Deductions, petitioners claimed the following deductions:

| Description | 2004 | 2005 |
|---|---|---|
| Vehicle expenses | $6,896 | $7,682 |
| Parking fees, tolls, and transportation expenses | 901 | 1,609 |
| Travel expenses while away from home overnight | 923 | 984 |
| Other business expenses | 9,063 | 8,533 |
| Meal and entertainment expenses | 2,163 | 2,874 |
| Total[1] | 19,945 | 21,682 |

[1]Because of rounding, the sum of the 2004 deductions appears to exceed the total.

OPINION

I. Preliminary Matters

A. The 14-Day Rule

At trial, petitioner sought to introduce into evidence 12 exhibits not stipulated. We sustained respondent's objections to 10 of them on the ground that petitioner had failed to comply with our standing pretrial order, which states that any "documents or materials" that a party expects to use at trial, but which are not stipulated, must "be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session." The order states that we may "refuse to receive * * * any document or material not so stipulated or exchanged". Petitioner argues that he was first notified of that 14-day rule on November 21, 2008, at a meeting with respondent's counsel fewer than 14 days before trial in these cases. Yet we sent petitioner two copies of our standing pretrial order (one for each docket) dated July 1, 2008, and petitioner never suggested--and does not suggest--that he did not receive them.

He thus had more than adequate notice; his argument is without merit.

B. <u>Petitioner's Right To Testify</u>

On brief, petitioner states that we denied not only his "submission of evidence", but also "any testimony based upon that evidence." Petitioner avers: "This severely prejudiced any outcome of the trial."

At trial, moments before petitioner took the stand, we expressly told him: "I again tell you that you are free to testify in support of your claims." Once he had taken the stand, we said again: "Now, this is the time for you to testify in support of your case." At no time did we suggest that our refusal to accept proffered written evidence in any way restricted the scope of his testimony, and petitioner said nothing to imply that he thought his right to testify was in any way limited. Further, we asked petitioner more than once after he testified whether he had any other evidence he wanted to present. He responded: "I believe I have presented my case, sir." Therefore, we deny that petitioner suffered any prejudice.

C. <u>Petitioner's Employment Status</u>

Petitioner insists that he was not a Federal employee but rather was an at will employee. Petitioner seems to believe that the former is entitled "to receive compensation for certain job expenses and may receive an official expense account" but that the latter is not so entitled. Without accepting petitioner's statements as true, we note that his argument is unnecessary:

Respondent concedes that petitioner was never reimbursed for any of his claimed expenses.

## II. Petitioner's Employee Business Expense Deductions

Section 162(a) permits "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". To be deductible, ordinary and necessary expenses must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs.

Personal, living, or family expenses are not deductible except as otherwise expressly permitted. Sec. 262(a).

### A. 2004

Petitioner bears the burden of proof. See Rule 142(a).[2] In support of his claimed employee business expense deduction of $19,945, petitioner offers detailed records and receipts of his monthly expenses and testified in part to explain those records and receipts.

#### 1. Vehicle Expenses

Petitioner's $6,896 deduction includes almost all the expenses related to maintaining and running a car, including everything from gas to petitioner's driver's license.

Petitioner concedes that he cannot deduct commuting expenses. On his 2004 tax return, petitioner stated that he and

[2]Petitioner makes no argument that the burden of proof has shifted to respondent pursuant to sec. 7491(a), and we would not sustain such an argument. Among other things, as discussed infra, petitioner has introduced no credible evidence that he is entitled to the deductions here in issue. See sec. 7491(a)(1).

his wife had only one car and that they drove 18,743 miles. Petitioner stated that his "[a]verage daily roundtrip" commute was 30 miles and that he commuted 938 miles; petitioner also stated that he drove 16,020 business miles. That is, 85 percent of the total miles petitioner and his wife drove were his noncommuting business miles. Thus, in 2004, petitioner contends that he drove to and from work only 31 times and that he and his wife drove, in addition, only 1,785 personal miles, or less than 5 miles a day.

Petitioner has failed to substantiate his vehicle expenses under section 274(d). See sec. 280F(d)(4) (defining "any passenger automobile" as "'listed property'", any deduction related to which requires substantiation under section 274(d)(4)). On brief, petitioner states that he "frequently attended training meetings, lunch meetings, and scheduled work at * * * other locations", and that he presented "evidence in the form of daily written logs, receipts, notes * * *, and * * * testimony during trial." Petitioner quotes the flush language in section 274(d), which lists the four elements of the expense that the taxpayer must substantiate, and evidently he believes that his records and receipts run the gamut of those requirements.[3]

---

[3]In pertinent part, sec. 274(d) provides that no deduction shall be allowed with respect to "any listed property"

> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the

(continued...)

They do not.  Specifically, petitioner offers no evidence of "the time and place of the travel" or "the business purpose of the expense".  See sec. 274(d); see also Rule 143(b) ("[S]tatements in briefs * * * do not constitute evidence.").  Petitioner's records may detail his vehicle expenses, but they offer no evidence regarding his business use of his car.  Petitioner has failed to satisfy his burden of proof.  We deny petitioner's $6,896 deduction for vehicle expenses.

    2.  <u>Parking Fees, Tolls, and Transportation Expenses</u>

Petitioner's $901 deduction includes only the cost of monthly bus passes.  In support of the deduction, petitioner alleges that he took public transportation to work.  Yet petitioner concedes that he cannot deduct commuting expenses.  See, e.g., <u>Neal v. Commissioner</u>, 681 F.2d 1157 (9th Cir. 1982) (holding that ordinary commuting expenses are nondeductible personal expenditures), affg. T.C. Memo. 1981-407.  There is no deduction analogous to the exclusion in section 132(f) for the qualified transportation fringe benefit.  We deny petitioner's $901 deduction for parking fees, tolls, and transportation expenses.

_____

[3](...continued)
facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

### 3. Travel Expenses While Away From Home Overnight

Petitioner's $923 deduction, according to his records and receipts, includes various expenses from three alleged business trips. Petitioner, however, has failed to substantiate those expenses under section 274(d). See sec. 274(d)(1). Specifically, petitioner offers no evidence of "the time and place of the travel" or "the business purpose of the expense". See sec. 274(d). Petitioner's records may detail the amounts of his expenses, but they do not explain when, where, or why he traveled. Petitioner has failed to satisfy his burden of proof. We deny petitioner's $923 deduction for travel expenses while away from home overnight.

### 4. Other Business Expenses

Petitioner's $9,063 deduction includes expenses for "grooming", clothing, and dry cleaning. Petitioner deducted additional expenses pursuant to section 280A(c)(1) for his "home office", including the cost of one-quarter of his rent, half his electric bill, and his phone and Internet bill. On brief, petitioner concedes he is not entitled to deduct the cost of his phone service. See sec. 262(b). Although petitioner deducted many other expenses, he does not explain how any of those other expenses related to his business of being an employee of the bankruptcy court; moreover, he cites no authority to support those items.[4] We take petitioner's omission as his concession.

---

[4]For example, petitioner deducted the cost of postage, office supplies, personal checks, his health club membership, and
(continued...)

See <u>Mendes v. Commissioner</u>, 121 T.C. 308, 312-313 (2003) ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").

### a. <u>Grooming, Clothing, and Dry Cleaning Expenses</u>

"Haircuts are nondeductible personal expenses even when required as a condition of employment." <u>Boltinghouse v. Commissioner</u>, T.C. Memo. 2007-324. Petitioner is not entitled to deduct any expense relating to his appearance. See <u>id.</u>

For the cost of clothing to be deductible as an ordinary and necessary business expense, (1) the clothing must be required or essential in the taxpayer's employment, (2) the clothing cannot be suitable for general or personal wear, and (3) the clothing cannot be so worn. E.g., <u>Deihl v. Commissioner</u>, T.C. Memo. 2005-287. On brief, petitioner states that his "shirts, work slacks * * *, and soft-soled work shoes" were all "specific to court needs and not suitable for general wear."

Petitioner misunderstands the cases he cites to support his deduction for work clothes. For example, petitioner cites <u>Hynes v. Commissioner</u>, 74 T.C. 1266 (1980). In <u>Hynes v. Commissioner</u>, <u>supra</u> at 1291, we denied a television newsman any deduction for the cost of his work clothes, stating: "The fact that the petitioner chose not to wear his business clothes when he was away from the station does not mean that such clothes were not suitable for his private and personal wear. Indeed, most people

---

[4](...continued)
business gifts. At trial, petitioner conceded that no work duty required him to pay for a health club membership.

do not wear their business clothes at home."  Petitioner fails to distinguish himself from the taxpayer in Hynes because he fails to offer any evidence to show that his work clothes are not suitable for general wear by him and by men in general.[5]  Indeed (other than receipts) petitioner offers no evidence at all related to his claimed expenses for work clothes.  Because he offers no evidence that the expenses he seeks to deduct were related to clothing required or essential to his employment and unsuitable for general wear, petitioner has failed to satisfy his burden of proof.  Petitioner's clothing expenses thus are nondeductible personal expenses under section 262(a), as are his expenses for dry cleaning.  See Boltinghouse v. Commissioner, supra.

      b.  Home Office Expenses

In pertinent part, section 280A provides the following:

> SEC. 280A.  DISALLOWANCE OF CERTAIN EXPENSES IN
>                  CONNECTION WITH BUSINESS USE OF HOME * * *
>
>     (a) General Rule.--Except as otherwise provided in
> this section, in the case of a taxpayer who is an
> individual * * *, no deduction otherwise allowable
> under this chapter shall be allowed with respect to the
> use of a dwelling unit which is used by the taxpayer
> during the taxable year as a residence.
>
>      *     *     *     *     *     *     *

---

[5]On brief, petitioner states that the cuffs of his shirts have "severe ink stains" and thus his shirts are "not suitable for general wear".  First, "statements in briefs * * * do not constitute evidence."  Rule 143(b).  Second, even if petitioner wore his work clothes only when at work, those clothes are nonetheless "of a type that people ordinarily wear" and, for that reason, are "suitable for general wear".  Boltinghouse v. Commissioner, T.C. Memo. 2007-324.

(c) Exceptions for Certain Business * * * Use; Limitation on Deductions for Such Use.--

(1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--

(A) as the principal place of business for any trade or business of the taxpayer * * *

          *     *     *     *     *     *     *

In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer.  For purposes of subparagraph (A), the term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of such trade or business where the taxpayer conducts substantial administrative or management activities of such trade or business.

We deny petitioner any deduction under section 280A(c)(1) for his home office.  First, petitioner offers no evidence that his home office was for the convenience of his employer, alleging on brief only that he had the implied consent of his employer to use a home office for secondary duties.  Second, petitioner concedes that his home office was in his bedroom; petitioner thus cannot satisfy the requirement that his home office be exclusively used as his principal place of business.  Third, petitioner concedes that the bankruptcy court was his principal place of business.  Each of those reasons is sufficient to deny petitioner any deduction under section 280A(c)(1).

### c.  Conclusion

For the reasons stated, we deny petitioner's $9,063 deduction for other business expenses.

### 5.  Meal and Entertainment Expenses

Petitioner's $2,163 deduction includes his expenses at various restaurants and one-third of various grocery bills. (Petitioner deducted one-third of each grocery bill because each day he had "three meals and one at the court".)  Petitioner also deducted various entertainment expenses (including movie tickets for himself and his wife).  Petitioner cites three cases to support his deduction for meal expenses.  He cites no cases and makes no argument to support his deduction for entertainment expenses.  We take that as his concession that he is not entitled to any deduction for entertainment expenses.  See Mendes v. Commissioner, supra at 312-313 ("If an argument is not pursued on brief, we may conclude that it has been abandoned.").

First, petitioner cites Sutter v. Commissioner, 21 T.C. 170, 173 (1953), for the proposition that "the presumptive nondeductibility of personal expenses may be overcome only by clear and detailed evidence * * * that the expenditure in question was different from or in excess of that which would have been made for the taxpayer's personal purposes."  Petitioner argues:  "Those differences [here] include preparation, quality, and quantity of meals prepared for the specific purpose of lunch."  Contrary to that statement, however, petitioner offers no evidence that he spent any more than he would have spent had

he eaten all his meals at home; indeed, petitioner offers no evidence that his lunches at work differed in any way from his lunches at home.  We therefore accord petitioner's statement on brief no weight.  See Rule 143(b).

Second, petitioner cites <u>Christey v. United States</u>, 841 F.2d 809 (8th Cir. 1988), to support his deductions for "lunch expenses * * * using the formula of 1/3 of food cost--a fair fraction based on actual items purchased."  In <u>Christey</u>, the Court of Appeals for the Eighth Circuit held that State highway patrol officers were "entitled to deduct as ordinary and necessary business expenses under § 162(a) of the Internal Revenue Code expenses incurred for restaurant meals while on duty."  <u>Id.</u> at 809 (fn. ref. omitted).  <u>Christey</u>, however, is distinguishable.  The Court of Appeals focused on the "specific instructions concerning meal breaks while on duty" that the officers had to follow.  <u>Id.</u> at 810.

> The restrictions here and their cumulative effect are substantial.  The troopers must eat at certain times and places [i.e., a public restaurant].  The troopers remain on duty throughout their meals.  They may not bring a meal from home or return home to eat their meal.  As part of their job the troopers are required during their meal break to be available to the public not only to respond to emergencies but to provide any information the public may seek.  Thus, they are frequently interrupted during meals and are subject to being called away from a meal for an emergency, whether they have eaten what they have paid for or not.

<u>Id.</u> at 812-813 (fn. refs. omitted).  The Court of Appeals found that, as a result, the regulation governing meal breaks while on duty "effectively requires the troopers 'to spend amounts different from or in excess of amounts they would have spent for

their own personal purposes.'" Id. at 213 n.11 (quoting Sutter v. Commissioner, supra at 173). As we stated supra, petitioner offers no evidence that his lunches at work differed in cost or in kind from his lunches at home. Christey is inapposite.

Third, petitioner cites Moss v. Commissioner, 758 F.2d 211, 212 (7th Cir. 1985), affg. 80 T.C. 1073 (1983), for the proposition that "meals are deductible under section 162(a) when they are ordinary and necessary business expenses (provided the expense is substantiated with adequate records, see section 274(d)) even if they are not within the express permission of any other provision". Petitioner argues that he "provided adequate records in the form of daily logs, receipts, and testimony that substantiate the validity of his meal expenses while at work." If by "validity" petitioner means "cost", then we might agree. But petitioner must substantiate more than the cost, and he has failed to do so. See sec. 274(d). Moreover, petitioner has failed to distinguish Moss, in which the Court of Appeals for the Seventh Circuit denied the taxpayer any deduction for meal expenses under section 162(a). The taxpayer sought to deduct his meal expenses because he and his partners met daily to eat lunch at a cafe to discuss the work of their law firm. See Moss v. Commissioner, supra at 212. The Court of Appeals stated that even if "it was necessary for Moss's firm to meet daily to coordinate the work of the firm" and even if "lunch was the most convenient time", "it does not follow that the expense of the lunch was a necessary business expense." Id. at 213. Indeed,

"to allow a deduction for all business-related meals would confer a windfall on people who can arrange their work schedules so they do some of their work at lunch." Id. at 212. We find Moss directly on point; its facts are analogous and its reasoning is persuasive. We reach the same result here.

"Daily meals are an inherently personal expense, and a taxpayer bears a heavy burden in proving they are routinely deductible." Moss v. Commissioner, 80 T.C. at 1078. "[A]lthough taxpayers may find it necessary to eat meals away from their personal residences because of the exigencies of their businesses, this circumstance, alone, will not ordinarily provide a basis for the deduction of the cost of these meals." Coombs v. Commissioner, 608 F.2d 1269, 1272 (9th Cir. 1979), affg. on this issue 67 T.C. 426 (1976) and affg. Cox v. United States, 42 AFTR 2d 78-5373, 78-2 USTC par. 9572 (D. Nev. 1978). Petitioner has failed to satisfy his burden of proof. We deny petitioner's $2,163 deduction for meal and entertainment expenses.

B. 2005

Petitioner offers no evidence for 2005 comparable to that he offered for 2004. At trial, petitioner acknowledged that he had not "had enough time to prepare" "the 2005 case" and that he hoped for "extra time". We interpreted that as a motion to continue, and respondent objected. Petitioner acknowledged that he could have asked the Court to try the 2005 case at a later date, but said that, because respondent's counsel had objected to certain exhibits that he had wanted to include in the stipulation

of facts, petitioner had "decided to proceed" with trial rather than pursue "any of the other options available".  We then denied the motion to continue and granted respondent's motion to consolidate the two cases.

At trial, we warned petitioner:  "I caution you, there is not * * * any evidence that you made any of the expenditures for 2005 * * *.  There is no evidence that any specific expenditure was made."  We asked:  "Is there anything further you want the Court to consider?"  He replied:  "I believe I have presented my case, sir."

On brief, petitioner states:

(1)  I was unemployed for 9 months of the tax year 2005.

(2)  I spent one entire year trying to resolve the issues re: 2004 tax year.  All my attempts to resolve have proven futile.

(3)  I have no desire to prolong this examination of my 2005 tax filing, and do not wish to repeat the prior year's attempts at resolution.

We take petitioner's statements at trial and on brief as a concession that in 2005 he was not entitled to an employee business expense deduction of $21,682.  We so find.

III.  Conclusion

Petitioners ask us to consider their economic hardship.  We are not a court of equity, however.  See Paxman v. Commissioner, 50 T.C. 567, 576 (1968) ("[N]ot only is the Tax Court not a court of equity but * * * petitioners, in effect, are asking us to legislate changes in the statute as enacted by Congress".), affd.

414 F.2d 265 (10th Cir. 1969). We sustain the deficiencies of $2,411 and $2,385 that respondent determined for 2004 and 2005.

<u>Decisions will be entered for respondent</u>.