T.C. Memo. 2021-33

UNITED STATES TAX COURT

JOHN A. CATANIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13332-19.                    Filed March 15, 2021.

John A. Catania, pro se.

<u>Elizabeth M. Shaner</u> and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $3,694 in petitioner's 2016 Federal income tax.  The issue for decision is whether petitioner is liable for the 10% additional tax pursuant to section 72(t)(1).[1]

---

[1] All section references are to the Internal Revenue Code (Code) in effect
(continued...)

[*2]                           Background

The parties submitted this case fully stipulated under Rule 122. Our findings of fact consist of the stipulated facts and facts drawn from the stipulated exhibits. We incorporate the stipulation of facts and the accompanying exhibits by this reference. Petitioner resided in Maryland when he filed the petition.

For a period not established by the record, petitioner worked for Home Depot and participated in its section 401(k) plan. In 2014 he retired from Home Depot and transferred his section 401(k) plan account balance to a traditional individual retirement account (IRA) held at Vanguard Fiduciary Trust Co. (Vanguard). Petitioner was 55 years old at that time.

In 2016 petitioner withdrew $37,000 from his Vanguard IRA. Petitioner used the funds to pay for the maintenance of his home and other necessary living expenses. Petitioner was 57 years old as of December 31, 2016.

Vanguard issued to petitioner Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2016 reflecting the distribution. Petitioner reported the Vanguard distribution on his 2016 Federal income tax return. While petitioner included the distribution as

---

[1](...continued)
for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** income on his return, he did not include the 10% additional tax pursuant to section 72(t)(1).

On April 15, 2019, respondent issued petitioner a notice of deficiency for 2016. The notice of deficiency determined that petitioner is liable for a 10% additional tax of $3,700 because he received the Vanguard distribution before attaining age 59-1/2.[2] Petitioner timely filed a petition with this Court seeking redetermination.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.[3] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 72(t)(1) imposes an additional tax of 10% on distributions from qualified retirement plans unless one of the exceptions set forth in section 72(t)(2) applies. Section 72(t) provides in pertinent part as follows:

---

[2] Respondent also reduced the tax reported on line 44 of petitioner's return by $6, resulting in a deficiency of $3,694 rather than $3,700.

[3] Under sec. 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability and satisfies certain other requirements. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). Petitioner has neither alleged nor shown that he satisfied the requirements of sec. 7491(a); therefore, the burden of proof remains on petitioner.

[*4]     SEC. 72(t). 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.--

(1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

(2) Subsection not to apply to certain distributions.-- Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:

(A) In general.--Distributions which are--

(i) made on or after the date on which the employee attains age 59½,

*     *     *     *     *     *     *

(v) made to an employee after separation from service after attainment of age 55 * * *

The separation from service exception, codified at section 72(t)(2)(A)(v), is not applicable to early IRA distributions. See sec. 72(t)(3)(A); Emerson v. Commissioner, T.C. Memo. 2000-137, 2000 Tax Ct. Memo LEXIS 164, at *20 n.4.

Petitioner was under the age of 59-1/2 during the year in issue and is therefore liable for the additional tax unless an exception applies. Because the section 72(t) additional tax is a "tax" and not a "penalty, addition to tax, or

**[\*5]** additional amount" within the meaning of section 7491(c), the burden of production with respect to the additional tax remains on petitioner. See El v. Commissioner, 144 T.C. 140, 148 (2015); see also Grajales v. Commissioner, 156 T.C. __, __ (slip op. at 5-12) (Jan. 25, 2021).

On brief petitioner suggests that the section 72(t)(2)(A)(v) exception should apply to the distribution at issue because he was 55 years old when he retired from Home Depot. As stated above, section 72(t)(2)(A)(v) is not applicable to premature IRA distributions. See sec. 72(t)(3)(A). Although petitioner had a section 401(k) plan when he worked for Home Depot, he transferred the funds from that account to a traditional IRA at Vanguard in 2014. Because he withdrew the distribution at issue from a traditional IRA in 2016, section 72(t)(2)(A)(v) does not apply.

Petitioner concedes that the distribution does not fit within any other statutory exception. Nevertheless, he argues that he should not be held liable for the additional tax because he used the distribution to pay for home maintenance and other necessary living expenses. There is no authority in the Code or caselaw for an equitable or hardship exception to the imposition of additional tax under section 72(t) on early distributions from a retirement account. See Arnold v. Commissioner, 111 T.C. 250, 255 (1998); Dollander v. Commissioner, T.C.

**[*6]** Memo. 2009-187; <u>Milner v. Commissioner</u>, T.C. Memo. 2004-111.  Although we are sympathetic to petitioner's situation, we are not a court of equity, and we cannot ignore the law to achieve an equitable end.  <u>See</u> <u>Commissioner v. McCoy</u>, 484 U.S. 3, 7 (1987); <u>Stovall v. Commissioner</u>, 101 T.C. 140, 149-150 (1993); <u>Paxman v. Commissioner</u>, 50 T.C. 567, 576-577 (1968), <u>aff'd</u>, 414 F.2d 265 (10th Cir. 1969).

Accordingly, we sustain respondent's determination that petitioner is liable for the additional tax under section 72(t)(1).  In reaching our holding herein, we have considered all arguments made, and to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.